UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADAM BELL, individually and on behalf of a class of those similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00557-SEB-MJD |
| | ) | |
| SHERIFF OF HENRY COUNTY, in his official capacity, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Response to Order to Show Cause**

As this Court noted in its Order to Show Cause, if duplicative cases are filed, a federal court may decide not to proceed with the second-filed action. However, as set out below, this case is not duplicative of *Baker v. McCorkle*, No. 1:16-cv-03026-JMS-MPB (S.D. Ind.), as regardless of the resolution of *Baker*, the claims presented in this case will remain to be resolved. There is therefore no reason to preclude this case from moving forward and it would be inequitable to do so.

**I.      Background to the *Baker* litigation and the claims and relief sought in this case**

It is, of course, true that the class that Mr. Bell seeks to have certified in this case is identical to the class certified by Chief Judge Magnus-Stinson in *Baker*, Dkt. 126 at 7 (S.D.

Ind. Mar. 20, 2018).[1] And, in *Baker* the plaintiffs made allegations similar to those in this case and raised similar claims, seeking similar declaratory and injunctive relief, in addition to seeking damages for the named plaintiffs. *Id.*, Dkt. 1 at 1-10 (S.D. Ind. Nov. 4, 2016).

However, subsequent to the filing of the complaint, the Court in *Baker* severely limited the claims that can be pursued and the actual relief that can be obtained in the case. In its Order of March 14, 2017, Chief Judge Magnus-Stinson concluded that only one of the plaintiffs, Christopher Baker, could proceed in the action and that he was restricted to "pursuing claims related to overcrowding in his cell block, and increased fighting due to that overcrowding." *Id.*, Dkt. 68 at 15 (S.D. Ind. Mar. 14, 2017).[2] It would thus appear that many, if not all of the claims raised by Mr. Bell on his behalf and on behalf of the putative class in this case are now beyond the consideration of the Court in *Baker* including his claims in this case that:

- the Jail has expanded its capacity to 116, which exceeds its approved capacity. (Dkt. 1 ¶ 21).

- a Jail is deemed to be overcrowded long before it reaches 100% of capacity and the Henry County Jail is continuously overcrowded. (Dkt. 1 ¶¶ 23-27).

---

[1]     This Court can, of course, take judicial notice of filings in the *Baker* case, a number of which are referred to in this response. *See, e.g., Riley v. Butts*, No. 1:16-cv-03243-WTL-MPB, 2016 WL 7405623, at *3 n.1 (S.D. Ind. Dec. 22, 2016) ("Courts can and do take judicial notice of their own dockets.").

[2]     It appears that Mr. Baker was confined on D block and H block in the Jail. (Dkt. 68 at 7 [grievances of May 12, 2016 and May 24, 2016]). Mr. Bell's complaint in this case alleges that he was housed in E block, a fact admitted by the defendants. (Dkt. 1 ¶ 37; Dkt. 15 ¶ 37).

- some cell blocks have persons sleeping on the floor, causing enormous tension. (Dkt. 1 ¶ 28).

- the facility is so overcrowded that the Jail's indoor recreation area is frequently used to house prisoners, despite the lack of toilets or showers there.  (Dkt. 1 ¶ 29).

- the linear structure of the Jail and the lack of adequate electronic surveillance of the cell areas require frequent inspections by Jail staff. However, that does not occur, in part because the Jail is chronically understaffed and there is insufficient staff to monitor prisoners. (Dkt. 1 ¶¶ 30-32).

- the staffing inadequacy not only results in prisoner-on-prisoner violence, which is aggravated by the overcrowded conditions of the Jail, but results in a situation where it is difficult, if not impossible, to get prompt attention from Jail staff if prisoners are in medical or other forms of distress. (Dkt. 1 ¶34).

- affording prisoners recreation outside of their cell areas is a necessity, but there is a lack of recreation, which combined with the lack of overcrowding and lack of supervision, causes dangerous and continuous tension throughout the Jail. (Dkt. 1 ¶¶ 46, 49-51).

All of these claims in this case fall outside of the limitation imposed by Chief Judge Magnus-Stinson in *Baker.*

## II.     The "first-filed rule" is an equitable rule designed to avoid duplicative litigation and it applies where there is substantial overlap between the claims in the two cases so that the second litigation is truly duplicative of the first

As this Court noted in its Order to Show Cause, "[w]hen duplicative cases are filed, there is 'a presumption that . . . the first case should be allowed to proceed and the second should be abated.'" Dkt. 24 at 1 (quoting *Asset Allocation and Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989)). This is frequently referred to as the "first-filed rule." *See, e.g., Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013).

It is "grounded on equitable principles," with the purpose "to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 977 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990).

"Although it is typically invoked in non-class contexts, the first-filed rule has been applied to class action suits." *Quinn*, 958 F. Supp. 2d at 539 (internal quotation marks and citation omitted). For the rule to apply in the class context, "identical or substantially similar parties and claims [must be] present in both courts." *Id.* (internal quotation marks and citations omitted) (alteration by the court).

As an equitable doctrine, the first-filed rule is not subject to rigid application. "The first filed rule is not mechanically applied, however, because 'the complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion.'" *Naula v. Rite Aid of New York*, No. 08 Civ. 11364, 2010 WL 2399364, at *3 (S.D.N.Y. Mar. 23, 2010) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). "Deferral to an earlier filed action is appropriate, however, only where the litigation is truly duplicative, *i.e.*, materially on all fours with the other [litigation and having] such an identity that a determination in one action leaves little or nothing to be determined in the other." *Ratcliff v. Moore*, 614 F. Supp. 2d 880, 894 (S.D. Ohio 2009) (internal quotation marks and citations omitted) (alterations by the court).

As this Court noted (Dkt. 24 at 2), the general remedy if the first-filed rule is applied is not to dismiss the second-filed action. "If a court finds the first-filed rule applies, it may stay, enjoin, or transfer a later-filed action." *O.P. Schuman & Sons, Inc. v. DJM Advisory Group, LLC,* No. 16-3563, 2017 WL 634069, at *2 (E.D. Pa. Feb. 16, 2017) (internal quotation marks and citation omitted). However, as noted below, the first-filed rule does not apply here.

### III.   Given the limitations on the claims that can be raised in *Baker*, there is no basis for application of the first-filed rule here

If this action had been filed one week after the *Baker* case, there would be no doubt that the principles underlying the first-filed rule would be served by staying or transferring the later-filed action. This would be because the identical class (or putative class) would be seeking to present the identical claims in two different cases. However, this action was filed only after Chief Judge Magnus-Stinson limited Mr. Baker in the other case to "pursuing claims related to overcrowding in his cell block, and increased fighting due to that overcrowding." *Baker*, Dkt. 68 at 15 (S.D. Ind. Mar. 14, 2017). Given that Mr. Bell is apparently not housed in the cell blocks where Mr. Baker was located, *see* note 2 *supra*, it is not clear that there is any overlap between the two cases. However, the defendants in *Baker*, represented by the same counsel as in this case, have not interpreted Chief Judge Magnus-Stinson's order as restricting the issue to increased fighting due to overcrowding in Mr. Baker's cell block. Instead, they have asserted in *Baker* that "[f]ollowing the Court's rulings in this case, the sole remaining issue is whether

overcrowding (defined as more inmates than permanent beds) in the Henry County Jail has led to increased fighting." *Baker*, Dkt. 169 at 1 (S.D. Ind. Apr. 8, 2019).

Regardless, it is clear that Mr. Bell, on his own behalf and on behalf of the putative class, is asserting numerous claims and issues that will not and cannot be raised in *Baker* because they concern other matters than increased fighting due to overcrowding. *See supra* at 2-3. Inadequate staffing and the injuries that causes the prisoners will not be raised in *Baker*.  Lack of recreation and the problems caused thereby will not be raised in *Baker*. The problems engendered by overpopulation, other than prisoner violence, will not be raised in *Baker*. The problems caused by the Jail facility itself will not be raised in *Baker*. Mr. Bell has mounted a systemic challenge to the conditions at the Jail. No such challenge is possible in *Baker*. The cases are profoundly different.

In rejecting the application of the first-filed rule in a class action, a district court noted that the parties seeking to advance the rule "fail to cite a case where the court applied the first-filed rule when the plaintiff in the second-filed action would not be included in the putative class of the first-filed action." *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 348 (E.D.N.Y. 2018). Mr. Bell is included in the definition of the class in the *Baker* case. But, any potential relief in the *Baker* case will not resolve the many claims raised by Mr. Bell on his behalf and on behalf of the putative class. If the plaintiffs prevail in *Baker*, any injunctive relief will be directed solely to reducing fighting, perhaps in just one block of the Jail. And, if the defendants are victorious in *Baker*, it will not prevent Mr. Bell from

[6]

proceeding with the many claims that cannot be raised in that case as *res judicata* only "bars any claims that were litigated or could have been litigated in a previous action." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Many, if not all, of the claims that Mr. Bell has raised in this litigation for himself and the putative class, simply will not and cannot be litigated in *Baker*.

The bottom line is that this Court has the equitable power to stay, transfer, or otherwise refuse to hear this case "to prevent the duplication of litigation." *Asset Allocation*, 892 F.2d at 572. But, as demonstrated, this case is not duplicative of *Baker*. There is therefore no cause for this case to be stayed, dismissed, or transferred. Indeed, given the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976), it would be inequitable for the Court not to proceed with this case.

## IV.   Conclusion

For the foregoing reasons this Court should retain jurisdiction of this case and allow it to proceed.

<div style="margin-left: 50%;">
Kenneth J. Falk<br>
No. 6777-49<br>
ACLU of Indiana<br>
1031 E. Washington St.<br>
Indianapolis, IN 46202<br>
317/635-4059<br>
fax: 317/635-4105<br>
kfalk@aclu-in.org
</div>

Attorney for Plaintiff and the
Putative Class

[8]