UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADAM BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00557-SEB-MJD |
| | ) | |
| SHERIFF OF HENRY COUNTY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion to Certify Class**

Currently before the Court is the plaintiff's motion to certify class. Dkt. 5. In this action, the plaintiff seeks declaratory and injunctive relief related to the conditions of the Henry County Jail ("the Jail"). He seeks certification of the following class:

> all persons currently confined, or who will in the future be confined, in the Henry County Jail.

The defendants have responded to the plaintiff's motion, dkt. 33, and the plaintiff has replied, dkt. 37. The motion for class certification is therefore ripe for the Court's consideration.

## I. Standard for Class Certification

"A class 'may only be certified if the trial court is satisfied, *after a rigorous analysis*, that the prerequisites of Rule 23(a) have been satisfied.'" *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. 2011) (quoting *General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982)) (emphasis added). Under Federal Rule of Civil Procedure 23(a), one or more members of a class may sue on behalf of all members to the class only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "The party seeking certification bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015).

In addition to meeting the requirements of Rule 23(a), "the class must satisfy one of the four conditions in Rule 23(b)." *Id.* Here, the plaintiff seeks certification under Rule 23(b)(2), which allows for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

## II. Analysis

The defendants contest class certification only on the ground that the named plaintiff, Adam Bell, does not satisfy the requirement of Rule 23(a)(4). *See* dkt. 33 at 2. Specifically, they contend that Mr. Bell will not adequately and fairly protect the interests of the class because he is no longer a member of the purported class and lacks standing to pursue the requested relief. *Id.*

Generally, Article III of the United States Constitution requires "that the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation." *Sosna v. Iowa*, 419 U.S. 393, 402 (1975). There is an exception to this requirement, however, in circumstances where the alleged harm would "dissipate during the normal time required for resolution of the controversy." *Id.* In other words, in cases where "the issue sought to be litigated escapes full appellate review at the behest of any single challenger," the case "does not inexorably become moot by the intervening resolution of the controversy as to the named plaintiffs." *Id.* at 401.

Although the facts in *Sosna* demonstrate that the case was not moot at the time the class action was certified, *id.* at 402, the Supreme Court extended the exception to cases in which the case as to the named plaintiff may have been moot prior to class certification, *see Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975). In *Gerstein*, *id.* at 105, pretrial detainees were challenging the ability of the government to detain them prior to a judicial probable cause determination. The Supreme Court extended the exception announced in *Sosna* to the plaintiffs' claims, even though it was unclear whether any of the named plaintiffs were still in custody when the district court certified the class, because it was "by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." *Id.* at 110 n.11. Additionally, in that case, "the constant existence of a class of persons suffering the deprivation is certain." *Id.*

In light of *Sosna* and *Gerstein*, the Seventh Circuit has stated that timely filing for class certification may save a cause of action from being moot if the claim "is so inherently transitory that it is uncertain that any member of the class would maintain a live controversy long enough for a judge to certify a class." *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) (internal quotation marks omitted). There are two main elements for the "inherently transitory" exception: (1) "it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Id.* at 582 (citing *Gerstein*, 420 U.S. at 110 n.11, and *Zurak v. Regan*, 550 F.2d 86, 91-92 (2d Cir. 1977)). Here, the defendants argue only that this case does not satisfy the first requirement.

In *Olson*, *id.* at 582-83, the Seventh Circuit found that a claim filed by inmates at the Tippecanoe County Jail alleging constitutional violations satisfied both elements for the inherently

transitory exception. With respect to the first element, the court noted "the length of incarceration in a county jail generally cannot be determined at the outset and is subject to a number of unpredictable factors, thereby making it inherently transitory." *Id.* at 582. Although the ultimate length of confinement affects the inherently transitory exception, "the essence of the exception is uncertainty about whether a claim will remain alive for any given plaintiff long enough for a district court to certify the class." *Id.* Because the named plaintiff did not know when his claim would become moot and he did not purposefully delay filing his claim and requesting class certification, his claim satisfied the first element.

The case currently before this Court is indistinguishable from *Olson*. The defendants argue that this case fails to meet the first requirement of the inherently transitory exception because inmates may be incarcerated in the Jail for as much as two and a half years. Dkt. 33 at 5-6. This argument is unavailing, however, because it is the uncertainty about the length of incarceration, not the maximum length of incarceration, that controls. *See Olson*, 594 F.3d at 582. Although Mr. Bell could have been housed at the Jail for as much as two and a half years, the duration of his incarceration was not certain at its inception. As emphasized in *Olson*, *id.* at 583, the duration of Mr. Bell's incarceration was impacted by a number of factors he could not anticipate. "This uncertainty is precisely what makes the 'inherently transitory' exception applicable in this case." *Id.* Second, although Mr. Bell has been released from the Jail, he filed for class certification shortly after filing his complaint and before being released from the Jail. *See* dkts. 5, 6. The first exception is satisfied. The inherently transitory exception applies to this case and Mr. Bell's release from the Jail does not render this case moot.

The defendants present no other challenges to Mr. Bell's ability to satisfy the requirement in Rule 23(a)(4) that he fairly and adequately represent the interests of the class. The evidence

submitted by Mr. Bell establishes that he fulfills this requirement. He has averred that he is "strongly committed" to this case, that he will remain in communication with his attorney, and that he will make himself available for deposition, discovery, and trial. Dkt. 37-1 at ¶¶ 6-8. Additionally, the Court finds that Mr. Bell's counsel is experienced in class action litigation.

### III. Conclusion

The plaintiff has demonstrated that this action fulfills the requirements of both Rule 23(a) and Rule 23(b). The plaintiff's motion to certify class, dkt. [5], is **granted**.

**IT IS SO ORDERED.**

Date: 6/25/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Joel Elias Harvey
HAYES COPENHAVER CRIDER
jharvey@hcclaw.com

Pamela G. Schneeman
STEPHENSON MOROW & SEMLER
pschneeman@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com