UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADAM BELL, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00557-SEB-MJD |
| | ) | |
| | ) | |
| SHERIFF, HENRY COUNTY, | ) | |
| INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Stipulation to Enter into Private Settlement Agreement
Following Notice to the Class and Fairness Hearing**

The parties, in person and by their counsel, stipulate and agree as follows:

### I. The history of the case

1. This action was filed on February 5, 2019 and sought declaratory and injunctive relief against the defendants on behalf of Adam Bell and a putative class that he sought to represent pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

2. The complaint alleged that the conditions of the Henry County Jail violated the 14th Amendment of the United States Constitution as applied to pretrial detainees and the 8th Amendment of the United States Constitution as applied to convicted persons.

[1]

3. On June 25, 2019, the Court issued its Order Granting Motion to Certify Class. (Dkt. 40). The Court certified the following class, with Adam Bell as class representative, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> all persons currently confined, or who will in the future be confined, in the Henry County Jail.

4. The defendants deny Mr. Bell's allegations and also deny that conditions in the Henry County Jail have violated or currently violate constitutional norms.

5. The parties wish to settle this litigation and the disputes between them and therefore enter this stipulation.

6. Mr. Bell and the class understand and acknowledge that the defendants' entry into this private settlement agreement is not, and shall not be construed as, an admission of liability and imposes no liability on the defendants or any of their agents, employees, officers, or other persons for any violation of law, constitutional or otherwise.

7. Insofar as Mr. Bell has sought relief under 42 U.S.C. § 1983 for violations of the United States Constitution, this litigation is subject to the Prison Litigation Reform Act, 18 U.S.C. § 3626, *et seq.* The PLRA imposes certain requirements on judicially sanctioned agreements made in litigation such as this but provides that the parties may enter into private agreements which are exempted from the requirements of the Act. 18 U.S.C. § 3626(c). However, such agreements are not subject to enforcement under federal law other than through potential reinstatement of the proceedings, although they are

enforceable under state law as breaches of contract. *Id.*

8.      Because this case has been certified as a class action, the Court must determine, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, whether the parties' agreement is a fair, reasonable, and adequate resolution of this matter. Although this private settlement agreement has been agreed to by the defendants and Mr. Bell, it is not effective until after: (a) notice is given to the class; (b) the Court conducts the hearing required by Rule 23(e); and (c) the Court determines that the settlement is fair, reasonable, and adequate. The date of the Court's determination, if it makes such determination, is referred to hereafter as "the effective date."

9.      Accordingly, the defendants and Mr. Bell understand and acknowledge that this private settlement agreement is contingent on the Court finding that it is fair, reasonable, and adequate. They further understand and acknowledge that if the Court finds that it is *not* fair, reasonable, and adequate, their agreements herein are void, and this document will not impose any obligations on either party.

10.     If the Court finds that the proposed settlement is fair, reasonable, and adequate consistent with the requirements of Rule 23(e), this document is deemed a private settlement agreement under the PLRA.

11.     This agreement is supported by good and valuable consideration, including but not limited to, the following. Mr. Bell, on his own behalf and as representative of the class, agrees that he will not seek a permanent injunction or final judgment in this case.

The defendants agree that they will implement the substantive terms of the Private Settlement Agreement as set out below.

## II. Substantive terms

12. The parties agree that due to its size, linear construction, age, and other factors, the Henry County Jail (the "existing Jail") needs to be replaced.

13. Accordingly, the parties have set out below a "long-term agreement" providing for the replacement of the existing Jail and a "short-term agreement" for the operation of the existing Jail during the construction of the new facility.

### A. Long-term agreement

14. The defendants agree to construct a new Henry County Jail facility (the "new Jail"). This will be done at the earliest opportunity as further set out below.

15. Henry County has selected as the site for the new Jail the following property: approximately 6.589 acres more or less near Van Nuys Road and County Road 200 North in Henry County near the existing New Castle Correctional Facility

16. On April 24, 2020, this property was quitclaimed to the Henry County Commissioners by the Indiana Finance Authority on behalf of the State of Indiana is conditioned on Henry County using this property for a public-safety project. In the event that the project is not substantially completed or is demonstrably abandoned within two years of April 24, 2020, the property will revert back to the Indiana Finance Authority.

17. The Henry County Commissioners have hired S2 Architects, LLC, dba

Elevatus Architectural Limited Liability Company, from Fort Wayne, Indiana, that will serve as architects for construction of the new Jail.

18. The Henry County Commissioners have hired Weigand Construction, from Fort Wayne, Indiana, that will act as the construction manager for the new Jail.

19. Construction of the new Jail will proceed according to the following anticipated schedule:

   a. The site will be fully surveyed, and all necessary soil borings completed by August 1, 2020. This will be referred to in the remaining subparagraphs below as the "initial target date."

   b. Construction documents will be completed within 90 days from the initial target date.

   c. Construction will commence within six months of the initial target date.

   d. Construction will be completed within seventeen (17) months of commencement of construction and the new Jail will be ready for occupancy within 30 days after that date.

The parties recognize that the COVID-19 pandemic and other unforeseen circumstances could impact the above schedule. They thus agree that the above schedule is not immutable and that events could occur that would necessitate its modification and extension. If modifications or extensions become necessary, the defendants will notify Mr. Bell's counsel at the earliest opportunity.

20. The parties agree that the new Jail should have sufficient staff to ensure the health and safety of detainees to the greatest extent possible. At an appropriate time

[5]

before the new Jail is opened, the defendants will obtain a written staffing analysis prepared by a person with the necessary expertise who uses accepted correctional standards in his or her analysis. Within 14 days of receiving the written staffing analysis, the defendants will provide Mr. Bell's counsel a copy of the same. The defendants shall endeavor to employ the staff numbers recommended in the staffing analysis. In the event they believe that they will not be able to have the recommended staffing numbers on the personnel table and hired within six months of the opening of the new Jail they shall provide to Mr. Bell's counsel a proposed schedule for funding and hiring any additional positions.

21. The new Jail will not house any detainees[1] until such time as an Indiana State Jail Commander tours it and approves the physical structure's readiness for occupancy.

### B. Short-term agreement

22. Mr. Bell and the class members recognize that before the new Jail is opened, the existing Jail will be utilized. The parties thus agree that:

### i. POPULATION

23. In an effort to maintain the existing Jail's population below 105, the Henry County Sheriff will, as necessary, house Henry County detainees in alternate facilities,

---

[1] The term "detainee" as used herein is defined as any individual subject to detention regardless of that person's status as an arrestee, pretrial detainee, or sentenced and convicted prisoner.

including but not limited to the existing Jail Annex and out-of-county facilities. This paragraph shall not require the Sheriff to disregard or violate orders issued by the Henry County judiciary.

24. When the population of the existing Jail reaches 105, the Sheriff or his designee shall have 24 hours to notify the following persons of that fact: (a) all Henry County judges with criminal jurisdiction; (b) the Henry County Prosecutor; (c) the president of the Henry County Commissioners; (d) the president of the Henry County Council; and (e) Mr. Bell's counsel. The parties agree that said notice may be provided electronically, such as by E-mail.

25. Together with the notice to the Henry County judges referenced in paragraph 24 above, the Sheriff or his designee shall also ask the judges to release a sufficient number of detainees to reduce the Jail's population to 104 or less. The parties understand that that the decision to release any detainee is solely within the discretion of the Henry County judiciary.

26. The existing Jail's holding cells and drunk tanks shall not be used solely to maintain the existing Jail's population below 105. For the avoidance of confusion, this means that detainees should not be held in the existing Jail's holding cells and drunk tanks for more than 24 hours absent an emergency or other good cause. This paragraph shall not require the Sheriff to disregard detainee health and safety. For purposes of this paragraph "good cause" is defined as: (a) a circumstance particular to the detainee so that

it is in his or her best interest to continue to be housed in this area; or (b) the best interests of the facility as a whole

27. Detainees will be housed in the existing Jail's indoor recreation area only if no permanent bed is available and a determination is made that the detainee cannot be housed in the existing Jail Annex or transferred to an out-of-county facility. For the avoidance of confusion, this means that detainees should not be housed in the existing Jail's indoor recreation area for more than 72 hours absent an emergency or other good cause. This paragraph shall not require the Sheriff to disregard detainee health and safety. For the purposes of this paragraph "good cause" is defined as: (a) a circumstance particular to the detainee so that it is in his or her best interest to continue to be housed in this area or (b) the best interests of the facility as a whole.

28. Detainees who cannot be assigned a permanent bed in the existing Jail (other than detainees holding cells and drunk tanks) shall be provided a mattress and a portable bed upon which to place their mattress (often referred to as a "boat").

29. If the indoor recreation area is used to house detainees, detainees may request restroom access at any time. In the absence of an emergency, requested restroom access will be provided in 15 minutes or less. Jail staff shall also offer restroom access to detainees housed in the indoor recreation area at least once every 60 minutes in connection with the visual check performed per 210 IAC 3-1-14(a)(1).

30. Any detainee housed in the indoor recreation area, may request a shower

at any time. The request will be satisfied as soon as possible, but no later than within 8 hours.

31. Mr. Bell's counsel will be provided a daily report stating the population of the existing Jail and the Jail Annex. The population will be surveyed each day at approximately the same time of day. The time will be chosen by defendants. The report may be provided to Mr. Bell's counsel electronically, such as by E-mail.

    ii.    *RECREATION*

32. The parties agree that all detainees housed in the existing Jail will be offered at least three hours of recreation a week in either the outdoor or indoor recreation areas within the existing Jail. These recreation opportunities will be documented, and the documentation will be supplied to Mr. Bell's counsel upon request, but not more frequently than monthly.

    iii.    *SUPERVISION*

*33.* During the pendency of this agreement jail staff shall conduct a visual check, not including observation by a monitoring device, of each cell block at least once every 60 minutes, which checks may be conducted on an irregular schedule and shall be documented.

## C. *Staffing*

34. The parties agree that a 2013 analysis of the staffing needs of the Henry County Jail was prepared by Al Bennett. Within 30 days of the effective date of this agreement

they shall determine whether there is a need to update the analysis and, if so, it will be done at the earliest opportunity and the results provided to plaintiff's counsel. Any update will be performed by a person with the necessary expertise who uses accepted correctional standards in his or her analysis. Because of funding and other constraints, it is impossible for Henry County to add new jail officer positions in 2020. However, Henry County agrees to take reasonable steps to attempt to fund additional positions beginning in 2021 to ensure, to the greatest extent possible, that detainee health and safety is protected.

### D.  *Reporting requirements and further expert visits*

35. The parties agree that the defendants will file a progress report with the Court summarizing relevant developments every 90 days. The first report will be filed no later than 90 days after the effective date of the Private Settlement Agreement and will include information from that 90-day period. After the first report, each subsequent report will only focus on the prior 90-day period. Each report will include at least:

   a. A summary of the current state of development/construction of the new Jail.

   b. The population of the existing Jail on the date of the report.

   c. The current staffing of the existing- Jail, including the number of full-time and part-time employees, and any positions that have been allocated, but are unfilled.

   d. The number of days in the preceding three months that the population in the existing Jail exceeded 105 persons.

  e. The opportunities for exercise in the indoor or outdoor recreation areas, by cell block, offered to detainees, including whether the recreation was offered in the outdoor or indoor recreation areas.

  f. A summary of all documented reports of detainee violence, including violence perpetrated on detainees and jail staff.

### III. Attorney's fees and costs

36. The defendants deny that Mr. Bell and the class members are prevailing parties as defined by 42 U.S.C. § 1988.  The defendants also deny that Mr. Bell is otherwise entitled to recover attorney's fees or costs from the defendants under any federal or state statute or legal theory.  However, in the interest of resolving this litigation, and subject to notice to the class and approval by the Court as required by Federal Rule of Civil Procedure 23, defendants agree to pay Mr. Bell's attorney's fees and costs in the total amount of $20,000.

37. This document shall be inadmissible as evidence of Mr. Bell's entitlement to attorney's fees or costs accrued prior to the effective date of this private settlement agreement under 42 U.S.C. § 1988, a private attorney general theory, or any other federal or state statute or legal theory.

38. Absent a future agreement by the parties otherwise, Mr. Bell agrees that he is not entitled to attorney's fees and costs incurred after the effective date of this private settlement agreement unless if he demonstrates an entitlement under 42 U.S.C.§ 1988. However, Mr. Bell agrees that if the defendants comply with and do not breach the terms

agreed herein, he waives any claim of an entitlement to attorneys' fees and costs incurred after the effective date of this private settlement agreement.

### IV.    Notice to the class

39.    The parties acknowledge that Rule 23(e) of the Federal Rules of Civil Procedure requires that before a class action is dismissed or compromised notice must be given to all class members prior to approval of any settlement.

40.    Attached hereto is a proposed class notice prepared by Mr. Bell's counsel and agreed to by the parties.

41.    The parties agree that the notice, if approved by the Court, will be provided to the class by: (a) hand delivery of the notice by jail officers to each detainee in the existing Jail on an agreed upon date; and (b) posting a copy of the notice in a prominent place in each living area of the existing Jail for 30 days.  For purposes of subsection (a), Mr. Bell's counsel agrees to provide the defendants with a sufficient number of pre-printed notices for distribution to the detainees.

42.    Following the 30-day-notice period specified above, counsel for Mr. Bell will report to the court and to the defendants as to the comments received by class members and will make further recommendations as to whether, in his estimation, the Private Settlement Agreement is an adequate and fair resolution of this matter pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

43. Mr. Bell's counsel now believes that this private settlement agreement is a just and equitable resolution of the current contested matters in this cause but wishes to hear from the class before giving his final opinion as to this matter.

### V. Further proceedings

44. As specified, the parties intend this document to be a private settlement agreement resolving all the contested issues in this cause. After its effective date, all parties reserve the right to seek a further hearing before the Court if deemed appropriate.

45. Absent an emergency, the parties agree that if any of them determine the need for a further hearing before the Court, their counsel will communicate that fact to the other's counsel at least 10 days before making any court filing.

46. The parties agree that absent an order from the Court or a subsequent written agreement by the parties, this private settlement agreement, if deemed to be fair, reasonable and adequate and allowed by the Court to go into effect, should remain in effect until 30 days after the new Jail is occupied, at which time the case should be dismissed

47. The parties agree that such dismissal should be with prejudice as to this action only, preventing this action from being revived by Mr. Bell and any class member. The parties agree, however, that nothing precludes a future action for injunctive and declaratory relief brought after this time by a detainee at the new Jail.

### VI. Parties' Further Requests of the Court

48. The parties request that this Court find, after the required notice, that this proposed private settlement agreement is a fair and equitable settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

For the plaintiff:

*Adam Bell* (signature)
Adam Bell

Kenneth J. Falk
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org

Attorney for Plaintiff and the Certified Class

_____
Richard A. McCorkle, Sheriff of
Henry County

_____
for the Henry County Council

/s/ *Pamela G. Schneeman*
(w/ permission)
Pamela G. Schneeman
James S. Stephenson
Stephenson, Morow & Semler
3077 E. 98th St.
Suite 240
Indianapolis, IN 46280
317/844-3830
fax: 317/573-4194
jstephenson@stephlaw.com
pschneeman@stephlaw.com

_____
for the Henry County
Commissioners

/s/ *Joel E. Harvey*
(w/permission)
Joel E. Harvey
Hayes, Copenhaver, Crider, Harvey LLP
214 S. Main St.
New Castle, IN 47362
765/529-2100
fax: 765/529-3532
jharvey@hcclaw.com

Attorneys for Defendants

[15]